UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>GEZO GOEONG EDWARDS,<br><br>    Defendant. | Criminal No. 11-129-1 (CKK) |

MEMORANDUM OPINION
(May 7, 2013)

Presently before the Court is Defendant Gezo Edwards' [745, 746] *Pro Se* Motion for New Trial and Renewed Motion to Suppress Evidence Obtained from Interception of Wired Communication. The Court previously denied four motions from the Defendant to suppress evidence obtained pursuant to a court-ordered wiretap interception of three cellular telephones purportedly operated by co-Defendant William Bowman.[1] As with his prior motions, the Defendant's present motion argues that in obtaining a wiretap on Defendant Bowman's cellular telephone the Government failed to disclose Defendant Edwards as a target of the investigation. The Defendant thus asks the Court to vacate the jury's guilty verdict, suppress the evidence obtained from the wiretap, and order a new trial. Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a whole, the Court finds the Government complied with the requirements to obtain a wiretap on Defendant Bowman's telephone. Accordingly, Defendant Edwards' motion for a new trial is DENIED.

---

[1] 7/26/12 Mem. Op. & Order, ECF Nos. [353, 354]; 9/16/12 Mem. Op. & Order, ECF Nos. [431, 432]; 10/23/12 Mem. Op. & Order, ECF Nos. [523, 524]; 11/13/2012 Mem. Op. & Order, ECF Nos. [562, 563].

[2] Def.'s Mot., ECF No. [745]; Gov't's Opp'n, ECF No. [743]; Def.'s Reply, ECF No. [751].

## I. BACKGROUND

The Court detailed the factual history relevant to Defendant Edwards' motion at length in its July 26, 2012 Memorandum Opinion denying Edwards' initial motion and subsequent opinions, and incorporates herein those opinions in full. In short, as part of its investigation of a drug trafficking conspiracy, the Government obtained orders authorizing the interception of wire communications to and from three cellular telephones allegedly operated by co-Defendant William Bowman, referred to as "TT1," "TT2," and "TT3." 7/26/12 Mem. Op. at 2-4. The Government obtained the relevant authorizations for TT2 on January 13, February 11, March 11, and April 8, 2011. *Id.* at 4-5. The affidavit filed in support of the applications, signed by FBI Special Agent Timothy S. Pak, did not disclose Defendant Edwards as a possible target of the TT2 interception until the April 8, 2011 application. *Id.* at 5. The Government obtained authorizations for TT3 on March 19 and April 15, 2011. Defendant Edwards was disclosed as a possible target of the TT3 interception in both applications. *Id.*

Defendant Edwards and thirteen co-Defendants were charged with conspiracy to distribute and possess with intent to distribute five kilograms or more cocaine. Superseding Indictment, ECF No. [28], at 2-3. Defendants Edwards was also charged with using, carrying, and possessing a firearm during a drug trafficking offense. *Id.* at 6. Defendant Edwards and two co-Defendants, William Bowman and Henry Williams, proceeded to trial. Defendants Edwards and Bowman were convicted of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, while Defendant Williams was convicted of the lesser included offense of conspiracy to distribute and possess with intent to distribute less than five hundred

grams of cocaine.[3]  Verdict Forms, ECF Nos. [651, 653, 655].

## II.  LEGAL STANDARD

   *A.   Timing of Defendant's Motion*

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Cr. P. 33(a).  "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."  Fed. R. Cr. P. 33(b).  The Defendant initially filed a *pro se* renewed motion to suppress on January 27, 2013, more than forty-five days after jury returned the guilty verdict against the Defendant.  Def.'s *Pro Se* Mot. to Suppress, ECF No. [682].  The Court denied the motion without prejudice, noting the Defendant failed to identify the proper legal basis for his motion insofar as the trial had already concluded.  1/18/13 Order, ECF No. [683].

The Defendant filed the present motion on March 19, 2013.  The Defendant asks the Court to excuse the late filing of his Rule 33 motion pursuant to Rule 45(b), which permits the Court to extend a filing deadline "after the time expires if the party failed to act because of excusable neglect."  Fed. R. Cr. P. 45(b)(1)(B).  The Court granted the Defendant leave to late file his motion, and now turns to the merits of his arguments.

   *B.   Title III Wiretaps*

Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.*, provides that a district court may authorize an application for interception of certain wire,

---

[3]  Defendant Bowman was also convicted of three counts of distribution of a mixture and substance containing a detectable amount of cocaine, and one count of carrying and possessing a firearm during a drug trafficking offense.  Verdict Form, ECF No. [653].  Defendant Edwards was acquitted of the charge of carrying and possessing a firearm during a drug trafficking offense.  Verdict Form, ECF No. [651].

oral, and/or electronic communications. 18 U.S.C. § 2518.  Section 2518(1) sets forth the requirements for applications seeking Title III authorizations, and provides that applications must include, among other information:

> (b) a full and complete statement of the facts and circumstances relied upon by the applicant, to justify his belief that an order should be issued, including . . . (iv) the identity of the person, if known, committing the offense and whose communications are to be intercepted;
>
> (c) a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous; [and]
>
> (e) a full and complete statement of the facts concerning all previous applications known to the individual authorizing and making the application, made to any judge for authorization to intercept, or for approval of interceptions of, wire, oral, or electronic communications involving any of the same persons, facilities or places specified in the application, and the action taken by the judge on each such application[.]

18 U.S.C. § 2518(1)(b), (e).  Defendant Edwards, as an "aggrieved person," *see* 18 U.S.C. § 2510(11), moves to suppress the contents of the interceptions on the basis that the communications were "unlawfully intercepted." 18 U.S.C. § 2518(10)(a).

### III. DISCUSSION

The crux of the Defendant's argument is that, pursuant to subsection (1)(c), in the January 13, February 11, March 11, 2011 applications for TT2 the Government was required to disclose "other investigate procedures" used to investigate Defendant Edwards.  Def.'s Mot. at 3. Specifically, the Defendant argues that the Government was required to disclose:

> (1) that in 2008 or 2009, Katrina Belton, the mother of Defendant Edwards' child, was subpoenaed to testify before a federal Grand Jury in Greenbelt, Maryland;
>
> (2) pen register data reflected 939 attempted or completed calls between Defendant Edwards and TT3 (<u>not</u> TT2) between January 27, 2010 and March 11, 2011;

4

>(3) a March 2011 electronic surveillance files (ELSUR) search, which revealed orders issued in 2007 authorizing the installation of a CCTV device and authorizing the interception of wire communication, with Defendant Edwards listed as a target subject in both applications;
>
>(4) physical surveillance observing Edwards' vehicle at Defendant Bowman's residence;
>
>(5) GPS data from TT2 placing Defendant Bowman at Defendant Edwards' residence;
>
>(6) the Government's review of Defendant Edwards' Facebook account; and
>
>(7) a February 2011 interview in which a confidential informant disclosed that he observed Bowman and Edwards together.

*Id.* at 5-9. The Defendant reasons that if the Government had disclosed the investigation of Defendant Edwards to a greater degree under subsection (1)(c) (as he argues it was required to do), the Government in turn would have been required to disclose the prior wiretap applications concerning Defendant Edwards pursuant to subsection (1)(e). Defendant further argues that the Government's failure to disclose the prior wiretap applications listing Defendant Edwards as a target as required by subsection (1)(e) requires suppression of the wiretap and related evidence. The Government satisfied the disclosure requirements of subsection (1)(c), therefore the Court need not address the Defendant's arguments regarding subsection (1)(e), including whether the purported violation of subsection (1)(e) would require (or permit) suppression of the wiretap.

Subsection (1)(c) requires each application for an order authorizing the interception of wire communication to provide "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). This section is referred to as the "necessity requirement." *United States v. Carter*, 449 F.3d 1287, 1292 (D.C. Cir. 2006). "Congress created the necessity requirement to ensure that 'wiretapping is not resorted to in

situations where traditional investigative techniques would suffice to expose the crime.'" *Id.* at 1293 (quoting *United States v. Kahn*, 415 U.S. 143, 153 n.12 (1974)). However, "the statutory command was not designed to foreclose electronic surveillance until every other imaginable method of investigation has been unsuccessfully attempted." *United States v. Williams*, 580 F.2d 578, 588 (D.C. Cir. 1978) (citation omitted). With respect to the necessity requirement vis a vis specific individuals,

> [T]he necessity requirement is directed to the objective of the investigation as a whole, and not to any particular person. If the Government can demonstrate that ordinary investigative techniques would not disclose information covering the scope of the drug trafficking enterprise under investigation, then it has established necessity for the wiretap. As with probable cause, *the government ha[s] no duty to establish [necessity] as to each possible interceptee.* It is sufficient that there was [necessity] to tap the phone.

*United States v. Reed*, 575 F.3d 900, 911 (9th Cir. 2009) (citations omitted) (emphasis added); *accord United States v. Mitchell*, 274 F.3d 1307, 1312 (10th Cir. 2001).

As the *Reed* court explained, the "necessity" requirement is not tied to any specific individual, but to the drug trafficking organization as a whole. There is no requirement that the Government disclose all investigative techniques used with respect to every individual that might be part of the drug trafficking organization under investigation. With respect to the applications at issue, the Government was only required to show that ordinary investigative techniques would not disclose the full scope of Defendant Bowman's organization. Defense counsel argued in the initial motion to suppress that the TT2 applications failed to satisfy the necessity requirement because, among other things, the applications failed to disclose grounds (1), (2), (3), (4), and (7). Def.'s Am. Reply to Gov't's Omnibus Resp. to Def.'s Legal Mots., ECF No. [303]. For the reasons stated in the July 26, 2012 Memorandum Opinion, the application was not deficient for failing to disclose these ordinary investigative techniques. 7/26/12 Mem. Op. at 8-17.

Somewhat confusingly, Defendant Edwards does *not* renew counsel's argument, or explain how grounds (5) and (6) were relevant to the issuing Judge's necessity determination. In fact, the Defendant explicitly states that "[t]he issue before this Court is *not one of necessity*." Def.'s Reply at 2 (emphasis in original). Yet at the same time, the Defendant argues that the Government "failed to *comply fully*" with subsection (c). *Id.* at 3 (emphasis in original). The Defendant appears to argue that because there was probable cause to believe he was involved in drug trafficking, the Government was required to disclose *all* investigative techniques used with respect to Defendant Edwards. Def.'s Mot. at 13 ("[T]he Government must provide a full and complete statement which specified a likely co[-]conspirator per the standard set forth in § 2518(1)(c)."). For the reasons stated by the *Reed* and *Mitchell* courts, the Government had no obligation to disclose techniques used to investigate specific individuals so long as the application established the necessity to wiretap the target telephone. Defendant Edwards does not argue that the TT2 applications failed to establish the necessity to wiretap TT2 in order to expose the full scope of the drug trafficking enterprise under investigation. Therefore, the Court finds no grounds on which to conclude the Government failed to satisfy the requirements of subsection (1)(c). Absent a violation of section 2518(1)(c), the Court need not reach the Defendant's remaining arguments.

In his reply brief, the Defendant argues that the Court should suppress the wiretap on the basis of "any other legal grounds for suppression, which a lay person such as [the Defendant] would not deduce or fathom." Def.'s Reply at 2. The Defendant is represented by counsel, who raised a number of grounds challenging the wiretap in two separate motions. The Court construes the Defendant's pro se pleadings liberally, but the Defendant cannot use this catch-all argument to preserve on appeal arguments the Defendant did not even attempt to raise before this

Court.

## IV.  CONCLUSION

For the reasons stated above, the Court finds no basis on which to suppress the evidence obtained from interceptions of wireless communications from cellular telephones purportedly operated by Defendant Bowman.  The applications seeking orders authorizing wiretap interceptions of Defendant Bowman's telephone satisfied the necessity requirement set forth in 18 U.S.C. § 2518(1)(c).  Defendant Edwards fails to identify any legal basis for his argument that, apart from establishing the necessity of the wiretap, the Government was required to disclose all investigative techniques used with respect to every individual likely involved in the drug trafficking organization under investigation.  Therefore, the Court finds the Government was not required to disclose its prior investigation of Defendant Edwards, and as a result was under no obligation to disclose prior wiretap applications listing Defendant Edwards as a possible target.  Accordingly, Defendant Edwards' [745, 746] *Pro Se* Motion for New Trial and Renewed Motion to Suppress Evidence Obtained from Interception of Wired Communication is DENIED.

An appropriate Order accompanies this Memorandum Opinion.

　　　　　　　　　　　　　　　　　　　　　　　　*/s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE