UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

GEZO GOEONG EDWARDS,

Defendant.

Criminal No. 11-129-1 (CKK)

MEMORANDUM OPINION
(October 11, 2013)

Presently before the Court are several *pro se*, post-trial motions filed by Defendant Gezo Edwards. The Defendant seeks reconsideration of the Court's May 7, 2013 Memorandum Opinion and Order denying the Defendant's *pro se* motion for a new trial. The present motions for reconsideration, and the five supplemental memoranda filed by the Defendant, constitute the Defendant's fourth *pro se* (and sixth overall) attempt to suppress evidence obtained from a wiretap on co-Defendant William Bowman's cellular telephone.[1] Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a whole, the Court once again finds no basis for granting the requested relief. Accordingly, the Defendant's [767] Motion for Reconsideration, [768] Supplemental Motion for Reconsideration, and [797] Motion to Treat Motions to Reconsider as Conceded are DENIED.

---

[1] *United States v. Edwards* ("*Edwards I*"), 889 F. Supp. 2d 1 (D.D.C. 2012); 9/16/12 Mem. Op. & Order, ECF Nos. [431, 432]; 10/23/12 Mem. Op. & Order, ECF Nos. [523, 524]; *United States v. Edwards* ("*Edwards IV*"), 904 F. Supp. 2d 7 (D.D.C. 2012); *United States v. Edwards*, --- F. Supp. 2d ---, 2013 WL 1881552 (D.D.C. May 7, 2013).

[2] Def.'s Second Request to Reconsider Denial of Pro Se Mot. for New Trial ("Def.'s Mot."), ECF No. [767]; Def.'s Suppl. for Second Request to Reconsider ("Def.'s Suppl. Mot."), ECF No. [768]; Def.'s First Suppl., ECF No. [775]; Gov't's Opp'n, ECF No. [776]; Def.'s Reply, ECF No. [780]; Def.'s Second Suppl., ECF No. [794]; Def.'s Third Suppl., ECF No. [795]; Def.'s Fourth Suppl., ECF No. [796]; Def.'s Mot. to Treat Mots. as Conceded, ECF No. [797]; Gov't's Suppl. Opp'n, ECF No. [798].

# I. BACKGROUND

The Court detailed the factual history relevant to Defendant Edwards' motion at length in its July 26, 2012 Memorandum Opinion denying Edwards' initial motion and subsequent opinions, and incorporates herein those opinions in full. In short, as part of its investigation of a drug trafficking conspiracy, the Government obtained orders authorizing the interception of wire communications to and from three cellular telephones allegedly operated by co-Defendant William Bowman, referred to as "TT1," "TT2," and "TT3." *Edwards I*, 889 F. Supp. 2d at 5-6. The Government obtained the relevant authorizations for TT2 on January 13, February 11, March 11, and April 8, 2011. *Id.* The affidavit filed in support of the applications, signed by FBI Special Agent Timothy S. Pak, did not disclose Defendant Edwards as a possible target of the TT2 interception until the April 8, 2011 application. *Id.* at 6. The Government obtained authorizations for TT3 on March 19 and April 15, 2011. *Id.* Defendant Edwards was disclosed as a possible target of the TT3 interception in both applications. *Id.*

Defendant Edwards and thirteen co-Defendants were charged with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. Superseding Indictment, ECF No. [28], at 2-3. Defendants Edwards was also charged with using, carrying, and possessing a firearm during a drug trafficking offense. *Id.* at 6. Defendant Edwards and two co-Defendants, William Bowman and Henry Williams, proceeded to trial. Defendants Edwards and Bowman were convicted of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, while Defendant Williams was convicted of the lesser included offense of conspiracy to distribute and possess with intent to distribute less than five hundred

grams of cocaine.[3] Verdict Forms, ECF Nos. [651, 653, 655].

## II. LEGAL STANDARD

Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.*, provides that a district court may authorize an application for interception of certain wire, oral, and/or electronic communications. 18 U.S.C. § 2518. Section 2518(1) sets forth the requirements for applications seeking Title III authorizations, and provides that applications must include, among other information:

> (b) a full and complete statement of the facts and circumstances relied upon by the applicant, to justify his belief that an order should be issued, including . . . (iv) the identity of the person, if known, committing the offense and whose communications are to be intercepted;
>
> (c) a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous; [and]
>
> (e) a full and complete statement of the facts concerning all previous applications known to the individual authorizing and making the application, made to any judge for authorization to intercept, or for approval of interceptions of, wire, oral, or electronic communications involving any of the same persons, facilities or places specified in the application, and the action taken by the judge on each such application[.]

18 U.S.C. § 2518(1)(b), (e). Defendant Edwards, as an "aggrieved person," *see* 18 U.S.C. § 2510(11), moves to suppress the contents of the interceptions on the basis that the communications were "unlawfully intercepted." 18 U.S.C. § 2518(10)(a).

## III. DISCUSSION

As a threshold matter, the Court declines the Defendant's invitation to make legal

---

[3] Defendant Bowman was also convicted of three counts of distribution of a mixture and substance containing a detectable amount of cocaine, and one count of carrying and possessing a firearm during a drug trafficking offense. Verdict Form, ECF No. [653]. Defendant Edwards was acquitted of the charge of carrying and possessing a firearm during a drug trafficking offense. Verdict Form, ECF No. [651].

3

arguments on his behalf. *See* Def.'s Mot. at 3 ("Edwards would reassert his request that the Court make 'any other legal grounds for suppression which a lay person such as Edwards would not deduce or fathom[.]'"). Although the Defendant is represented by counsel in this case, the Court is cognizant of Defendant Edwards *pro se* status with respect to the present motions. But the Court is an arbiter of the arguments offered by the parties, not an advocate for either side. Nor does the Court find it necessary or appropriate to treat the Defendant's motions as conceded. Albeit brief, the Government's initial opposition addresses the merits of the Defendant's legal arguments, emphasizing (correctly) that the Defendant's arguments had previously been addressed by the Court or lacked any legal foundation. The Government's supplemental opposition was filed one day late, but the Government promptly sought leave to late file the pleading, which the Court granted. The Court hall dispose of the Defendant's motions on the merits.

The Defendant's many pleadings boil down to two arguments: the Government failed to satisfy its burden to provide a "full and complete statement" under subsection (b); and the Government failed to meet its burden to provide a "full and complete statement" under subsection (c). Neither argument has merit. Subsection (b) requires the Government to provide "a full and complete statement of the facts and circumstances relied upon by the applicant, to justify his belief that an order should be issued." 18 U.S.C. § 2518(1)(b). The statute provides that a full and complete statement under this subsection must include "the identity of the person, if known, committing the offense and whose communications are to be intercepted." *Id.* § 2518(1)(b)(iv). In his First[4] and Fourth Supplements, the Defendant argues that by no later

---

[4] The Defendant submitted two separate documents labeled as a "Second Supplement." To prevent any confusion, the Court refers to the first of these documents, ECF No. [775], as the

than the March 11 application concerning TT2, the Government "had identified Edwards as a participant in the criminal activity," and thus was required to name the Defendant as a target of the wiretap pursuant to *United States v. Kahn*, 415 U.S. 143 (1974). Def.'s Fourth Suppl. at 4.

The fact that the Government has probable cause to believe an individual is participating in the criminal activity under investigation is a necessary, but not sufficient condition to require naming the individual in a Title III wiretap application. Rather, subsection b requires the Government to name an individual as a possible target of a wiretap *only if* the Government (1) "has probable cause to believe that the individual is engaged in the criminal activity under investigation"; *and* (2) "expects to intercept the individual's conversations over the target telephone." *United States v. Donovan*, 429 U.S. 413, 428 (1977). In response to the Defendant's second *pro se* motion to suppress, the Court found that the Government did not have probable cause to believe Edwards would have been intercepted over TT2 on or before the March 11 application. *Edwards IV*, 904 F. Supp. 2d at 11. The Defendant offers no evidence to the contrary. Thus, the Government was not required under subsection (b) to disclose Edwards as a possible target in the March 11 application regarding TT2.

Subsection (c) requires the Government to provide "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c).

> In reviewing whether an affidavit contains a full and complete statement of facts in compliance with § 2518(1)(c), we assess whether the affidavit attests that adequate investigative tactics were exhausted before the wiretap order was sought or that such methods reasonably appeared unlikely to succeed or too dangerous. As a general rule, proof that law enforcement officials either lied or made reckless misstatements in affidavits to secure a warrant or order does not in and of itself invalidate that warrant or order, or compel suppression of evidence obtained upon

---

Defendant's "First Supplement."

> its execution. But false statements that are material in causing the warrant to issue will invalidate it.

*United States v. Rivera*, 527 F.3d 891, 898 (9th Cir. 2008). A misstatement or omission is material only if it would "undermine the government's ability to prove the need for the . . . wiretap." *United States v.* Becton, 601 F.3d 588, 597 (D.C. Cir. 2010) (quoting *United States v. Gonzalez, Inc.*, 412 F.3d 1102, 1111 (9th Cir. 2005)).

The Defendant argues that the Government failed to provide a "full and complete statement" under subsection (c) by failing to include various information in the March 11 application regarding TT2, including, among other things, (1) pen register results from TT3; (2) information received from a fourth confidential source; and (3) observations of Bowman and Edwards together during physical surveillance of Bowman. The Court addressed a number of these omissions in the initial motion to suppress filed by defense counsel, and the Court sees no reason to revisit those rulings. *Edwards I*, 889 F. Supp. 2d at 8-17. The Court need not address the Defendants' remaining arguments on this point because the Defendant explicitly states no fewer than four times that he is not challenging the Court's previous finding that the March 11 application regarding TT2 satisfied the necessity finding. Def.'s Suppl. Mot. at 12 ("Edwards is not arguing whether or not 'necessity' was established."); *id.* at 18 ("The discussion presented within this supplemental motion is not to establish a lack of 'necessity,' but rather to prove that the Government violated [the] Title III 'full and complete statement requirement.'"); Def.'s Reply at 3 ("I am NOT saying that the 'enumerated omissions' supported a lack of necessity.") (emphasis in original); Def.'s Second Suppl. at 5 ("Edwards is not seeking to show a lack of necessity.").

Ultimately, the Court's determination that the necessity requirement was satisfied in this case did not turn on the Government's (purported) inability to identify Defendant Bowman's

suppliers. Instead, the Court emphasized that "[e]ven in combination," the traditional investigative techniques employed by in this case left the Government "unable to determine, among other things, where in his apartment building Bowman stored the narcotics, the location of other stash houses, or where assets and proceeds related to the conspiracy were held." *Edwards I*, 889 F. Supp. 2d at 13 (citations omitted). Even if the Government had identified Edwards as a suspected supplier, the application still would have "adequately demonstrated the failure of normal investigative techniques to reveal the full nature and scope of the conspiracy," thus satisfying the necessity requirement. *Becton*, 601 F.3d at 597.

At various points in his pleadings, the Defendant describes the alleged omissions as "material," but as the Defendant's First Supplement clarifies, the Defendant believes the omissions "are material to the prior application provision," i.e., subsection (e). Def.'s First Suppl. at 5; Def.'s Reply at 4 ("The exclusion of the 'enumerated omissions[]' was material to § 2518(e)(1)."). The Court understands the Defendant to mean that by omitting certain information regarding the investigation of Bowman that would have referenced Defendant Edwards, and then omitting reference to prior wiretap applications concerning Defendant Edwards, the Government ran afoul of the requirement in subsection (e) that the Government provide "a full and complete statement of the facts concerning all previous applications . . . involving any of the same *persons*, facilities or places specified in the application." 18 U.S.C. § 2518(1)(e) (emphasis added). The Defendant offers no legal authority for the proposition that the Government must disclose prior applications regarding individuals who appear in wiretap affidavits but are not targets of the wiretap under subsection (b). In fact, noting that the purpose of an affidavit in support of a wiretap goes beyond simply identifying the targets several courts have held the exact opposite:

7

> An affidavit is submitted to justify an interception order by furnishing evidence of the Government's probable cause to believe that the named targets of the application are engaging in illegal gambling activities. In an effort to establish probable cause to conduct surveillance of the named individuals, the affidavit might discuss the activity of numerous people not named as targets of the investigation. It does not follow, however, that anyone listed in the affidavit is thereby deemed a target of the investigation subject to the dictates of s 2518(1)[(e)].

*United States v. Sklaroff*, 552 F.2d 1156, 1160 (5th Cir. 1977), *abrogate on other grounds*, *Green v. Miller*, 483 U.S. 756 (1987); *see also United States v. Lamantia*, No. 93-523, 1996 WL 559950, at *16 (N.D. Ill. Sept. 30, 1996); *United States v. Gambale*, 610 F. Supp. 1515, 1536 (D. Mass. 1985). Thus, even if the Government had disclosed investigative activities involving Defendant Edwards, because the Government was not required to disclose the Defendant as a target of the wiretap under subsection (b), it was under no obligation to disclose any prior applications concerning the Defendant.

## IV. CONCLUSION

For the reasons stated above, the Court finds no basis on which to suppress the evidence obtained from interceptions of wireless communications from cellular telephones purportedly operated by Defendant Bowman. The applications seeking orders authorizing wiretap interceptions provided the "full and complete statements" required pursuant to 18 U.S.C. § 2518(1)(b) and (c). The Government did not have probable cause to believe Defendant Edwards would have been intercepted over TT2, and therefore was not required to identify Edwards under subsection (b). With respect to subsection (c), even if the Government had identified Edwards as one of Bowman's suppliers, the Court would still have found that a wiretap was necessary to disclose the full scope of Defendant Bowman's drug trafficking operation. The Defendant does not suggest that any of the other alleged "omissions" were material to the necessity finding, and thus are not grounds for suppression. Finally, even if the

Defendant was appeared in the affidavit in the context of a discussion of investigative techniques used with respect to Defendant Bowman, the Government was not required to disclose prior wiretap applications concerning Defendant Edwards because he was not a target of the application at issue in this case. Accordingly, the Defendant's [767] Motion for Reconsideration, [768] Supplemental Motion for Reconsideration, and [797] Motion to Treat Motions to Reconsider as Conceded are DENIED.

An appropriate Order accompanies this Memorandum Opinion.

                                                                        /s/
                                             **COLLEEN KOLLAR-KOTELLY**
                                             UNITED STATES DISTRICT JUDGE