UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

GEZO GOEONG EDWARDS,

Defendant.

Criminal No. 11-129-1 (CKK)

MEMORANDUM OPINION
(February 26, 2014)

Presently before the Court are several *pro se*, post-trial motions filed by Defendant Gezo Edwards. The Defendant seeks reconsideration of the Court's October 11, 2013, Memorandum Opinion and Order denying the Defendant's *pro se* motion for reconsideration of the Court's May 7, 2013, denial of Defendant's motion for a new trial. The present motion for reconsideration, and the two supplemental memoranda filed by the Defendant, constitute the Defendant's fifth *pro se* (and seventh overall) attempt to suppress evidence obtained from a wiretap on co-defendant William Bowman's cellular telephone.[1] Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a whole, the Court once again finds no basis for granting the requested relief. Accordingly, the Defendant's [830] Motion for

---

[1] *United States v. Edwards* ("*Edwards I*"), 889 F. Supp. 2d 1 (D.D.C. 2012); 9/16/12 Mem. Op. & Order, ECF Nos. [431, 432]; 10/23/12 Mem. Op. & Order, ECF Nos. [523, 524]; *United States v. Edwards* ("*Edwards IV*"), 904 F. Supp. 2d 7 (D.D.C. 2012); *United States v. Edwards* ("*Edwards V*"), --- F. Supp. 2d ---, 2013 WL 1881552 (D.D.C. May 7, 2013); *United States v. Edwards* ("*Edwards VI*"), --- F. Supp. 2d ---, 2013 WL 5587256 (D.D.C. Oct. 11, 2013).

[2] Defendant's Motion for Reconsideration ("Def.'s Mot."), ECF No. [830]; Government's Opposition to Defendant's Motion for Reconsideration ("Govt.'s Opp'n"), ECF No [831]; Defendant's Reply to Government's Opposition to Defendant's Motion for Reconsideration ("Def.'s Reply"), ECF No. [836]; Defendant's Supplemental Motion for Reconsideration ("Def.'s Supp. Mot."), ECF No. [843]; Defendant's Second Supplemental Motion to For Reconsideration ("Def.'s Sec. Supp. Mot"), ECF No. [858].

Reconsideration, [843] Supplemental Motion for Reconsideration, and [858] Second Supplemental Motion for Reconsideration are DENIED.

## I. BACKGROUND

The Court detailed the factual history relevant to Defendant Edwards' motion at length in its July 26, 2012 Memorandum Opinion denying Edwards' initial motion and subsequent opinions, and incorporates herein those opinions in full. In short, as part of its investigation of a drug trafficking conspiracy, the Government obtained orders authorizing the interception of wire communications to and from three cellular telephones allegedly operated by co-defendant William Bowman, referred to as "TT1," "TT2," and "TT3." *Edwards I*, 889 F. Supp. 2d at 5-6. The Government obtained the relevant authorizations for TT2 on January 13, February 11, March 11, and April 8, 2011. *Id.* The affidavit filed in support of the applications, signed by FBI Special Agent Timothy S. Pak, did not disclose Defendant Edwards as a possible target of the TT2 interception until the April 8, 2011 application. *Id.* at 6. The Government obtained authorizations for TT3 on March 19 and April 15, 2011. *Id.* Defendant Edwards was disclosed as a possible target of the TT3 interception in both applications. *Id.*

Defendant Edwards and thirteen co-defendants were charged with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. Superseding Indictment, ECF No. [28], at 2-3. Defendants Edwards was also charged with using, carrying, and possessing a firearm during a drug trafficking offense. *Id.* at 6. Defendant Edwards and two co-defendants, William Bowman and Henry Williams, proceeded to trial. Defendants Edwards and Bowman were convicted of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, while Defendant Williams was convicted of the lesser included offense of conspiracy to distribute and possess with intent to distribute less than five hundred

grams of cocaine.[3]  Verdict Forms, ECF Nos. [651, 653, 655].

## II.  LEGAL STANDARD

Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.*, provides that a district court may authorize an application for interception of certain wire, oral, and/or electronic communications. 18 U.S.C. § 2518.  Section 2518(1) sets forth the requirements for applications seeking Title III authorizations, and provides that applications must include, among other information:

> (b) a full and complete statement of the facts and circumstances relied upon by the applicant, to justify his belief that an order should be issued, including . . . (iv) the identity of the person, if known, committing the offense and whose communications are to be intercepted;
>
> (c) a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous; [and]
>
> (e) a full and complete statement of the facts concerning all previous applications known to the individual authorizing and making the application, made to any judge for authorization to intercept, or for approval of interceptions of, wire, oral, or electronic communications involving any of the same persons, facilities or places specified in the application, and the action taken by the judge on each such application[.]

18 U.S.C. § 2518(1)(b), (e).  Defendant Edwards, as an "aggrieved person," *see* 18 U.S.C. § 2510(11), moves to suppress the contents of the interceptions on the basis that the communications were "unlawfully intercepted."  18 U.S.C. § 2518(10)(a).

## III.  DISCUSSION

In Defendant's last motion for reconsideration of the Court's May 7, 2013, Opinion

---

[3] Defendant Bowman was also convicted of three counts of distribution of a mixture and substance containing a detectable amount of cocaine, and one count of carrying and possessing a firearm during a drug trafficking offense.  Verdict Form, ECF No. [653].  Defendant Edwards was acquitted of the charge of carrying and possessing a firearm during a drug trafficking offense.  Verdict Form, ECF No. [651].

denying Defendant's motion for a new trial, Defendant effectively argued that the Government had an obligation under 18 U.S.C. § 2518(c) ("subsection (c)") to include information regarding the investigation of co-defendant Bowman that would have referenced Defendant Edwards, and thus by omitting reference to prior wiretap applications concerning Defendant Edwards, the Government ran afoul of the requirement in § 2518(1)(e) ("subsection (e)") that the Government provide "a full and complete statement of the facts concerning all previous applications . . . involving any of the same persons, facilities or places specified in the application." 18 U.S.C. § 2581(1)(e). In its October 11, 2013, Opinion, the Court noted that several courts have held that only *targets* of a wiretap investigation are subject to the dictates of subsection (e). *Edwards VI*, 2013 WL 5587256, at *4. The Court concluded that "even if the Government had disclosed investigative activities involving Defendant Edwards [in subsection (c)], because the Government was not required to disclose the Defendant as a target of the wiretap under [18 U.S.C. § 2518(1)] subsection (b), it was under no obligation to disclose any prior applications concerning the Defendant" under subsection (e). *Id.*

The Defendant's many pleadings related to his present Motion for Reconsideration boil down to one argument: the Court erred in concluding that under subsection (e) the Government must only disclose prior wiretap applications of the *targets* of a wiretap application. Defendant asks the Court to consider the case of *United States v. Bianco*, 998 F.2d 1112 (2d Cir. 1993), which Defendant cited in his pleadings related to his prior Motion for Reconsideration, *see* Def.'s Reply, ECF No. [780], at 6, Def.'s Reply, ECF No. [811], at 16, and which Defendant correctly explains held that "the duty to disclose prior applications under § 2518(1)(e) covers all persons named in the application and not just those designated as 'principal targets,'" *Bianco*, 998 F.2d at 1128.

4

While Defendant is correct that the Second Circuit has held that § 2518(1)(e) requires the Government to disclose prior applications of *"all persons named in the application* and not just those designated as 'principal targets,'" *id.*, this does not change the fact that Defendant Edwards was not named in the relevant wiretap applications and that the Court has previously held that the Government did not need to reference Defendant Edwards in either its subsection (b) or (c) statements in order for the wiretap applications to be fully compliant with 18 U.S.C. § 2518(1). *See Edwards I*, 889 F. Supp. 2d at 13, 15-17; 9/16/12 Mem. Op., at 4-7; 10/23/12 Mem. Op., at 5-10; *Edwards IV*, 904 F. Supp. 2d at 9-11; *Edwards V*, 2013 WL 1881552, at *127-29 ("There is no requirement [under subsection (c)] that the Government disclose all investigative techniques used with respect to every individual that might be part of the drug trafficking organization under investigation); *Edwards VI*, 2013 WL 5587256, at *2-3. The Court fully addressed Defendant's arguments that his name should have been included under subsection (b) and/or (c) in prior opinions and the Court sees no reason to revisit those rulings. Accordingly, under either theory of the scope of subsection (e), as Defendant Edwards' was not "*specified in the application*[*s*]," a clear prerequisite of 18 U.S.C. § 2518(1)(e) disclosure, the Government had no obligation under subsection (e) to provide "a full and complete statement of the facts concerning all previous applications" of Defendant Edwards. *See Edwards V,* 2013 WL 1881552, at *128 (holding that since the Government satisfied the disclosure requirements of subsection (c) without referencing Defendant Edwards' name, the Court need not address the Defendant's arguments regarding subsection (e)).

## IV. CONCLUSION

For the reasons stated above, the Court again finds no basis on which to suppress the evidence obtained from interceptions of wireless communications from cellular telephones

purportedly operated by Defendant Bowman. The applications seeking orders authorizing wiretap interceptions provided the "full and complete statement" required pursuant to 18 U.S.C. § 2518(1)(e), the only subsection at issue in Defendant's latest Motion for Reconsideration.[4] Accordingly, the Defendant's [830] Motion for Reconsideration, [843] Supplemental Motion for Reconsideration, and [858] Second Supplemental Motion for Reconsideration are DENIED.

An appropriate Order accompanies this Memorandum Opinion.

                                                                                                                                                 /s/
                                            **COLLEEN KOLLAR-KOTELLY**
                                            UNITED STATES DISTRICT JUDGE

---

[4] As the Defendant states in his Reply brief, "[t]here is only one question being asked of the Court: With respect to the submitted application, is §2518(1)(e) triggered by persons suspected of being involved in the crime (as I was such a person)?" Def.'s Reply, at 2.